**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| KEITH CARROLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-01205-CMH-JFA |
| | ) |
| NORTHWEST FEDERAL | ) |
| CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF NATIONAL ASSOCIATION
OF FEDERALLY-INSURED CREDIT UNIONS (NAFCU) FOR LEAVE TO FILE
BRIEF AS *AMICUS CURIAE* SUPPORTING
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

This Memorandum is hereby submitted in support of the Motion of National Association of Federally-Insured Credit Unions ("NAFCU") for leave to file as *amicus curiae* the brief appended to the Motion, in support of Defendant's motion to dismiss. In support of its Motion for leave, NAFCU states:

1. NAFCU is the only national trade association focusing exclusively on federal issues affecting the nation's federally-insured credit unions. It provides members with representation, information, education, and assistance to meet the constant challenges that cooperative financial institutions face in today's economic environment. NAFCU proudly represents many smaller credit unions with relatively limited operations, as well as many of the largest and most sophisticated credit unions in the Nation. NAFCU represents 70 percent of total federal credit union assets and 43 percent of all federally-insured credit union assets. Defendant Northwest FCU is a member of NAFCU.

2. This case is of significant importance to NAFCU and its member credit unions. It

involves the claim that a visually-impaired individual, who is by law ineligible to obtain financial services from the Defendant Northwest FCU, has allegedly been deterred from enjoying equal access to the credit union's website in violation of Title III of the Americans with Disabilities Act (ADA). The Complaint is one of a litany of nearly identical federal civil actions brought against numerous credit unions across Virginia and Maryland by the Plaintiff or Plaintiff's counsel within the past few months. This action is part of a growing and troublesome trend of lawsuits and demand letters unfairly targeted at credit unions and other entities due to unclear website accessibility requirements under the ADA. The ADA and the Department of Justice's regulations are currently silent on website accessibility standards. For numerous years, the Department of Justice has gathered information on standards for website accessibility and has even issued an advance notice of proposed rulemaking intended to consider the feasibility of adopting formal accessibility standards. Unfortunately, however, these efforts have yet to result in clear regulatory standards for entities like credit unions. Plaintiff and his attorney seem to be attempting to capitalize on this regulatory vacuum with this action, along with wholesale issuances of demand letters and identical threats of litigation to numerous other credit unions, and the consequence is that real dollars are being taken out of the hands of credit union member-owners.

3. A district court "has broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*." *Tafas v. Dudas*, 511 F. Supp. 2d 652 (E.D. Va. 2007). The filing of an *amicus* brief should be allowed where the *amicus curiae* can "offer insights not available from the parties" or can provide "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007). "Even when a party is very well represented, an *amicus* may provide important assistance to the

court." *Neonatology Associates, P.A. v. Commissioner of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002). As an organization representing the interests of federally-insured credit unions, NAFCU is in a unique position to provide the Court with insights and perspectives not available from the parties. While NAFCU agrees with Northwest FCU's arguments in support of its motion to dismiss, in its brief NAFCU draws on the experience, expertise, and practical knowledge of its membership to expand on Northwest FCU's position that Plaintiff has failed to state a claim upon which relief may be granted and, in particular, that Plaintiff lacks standing to raise the issue. *Amicus'* brief is not duplicative of the parties' briefs, but rather provides unique information and perspectives that can assist the Court in resolving the pending motions.

4. NAFCU's proposed *amicus* brief is submitted shortly after the filing of Northwest FCU's motion to dismiss, and before the first scheduled hearing on that motion, and is therefore timely. Consideration of the proposed *amicus* brief will not delay the disposition of the case or otherwise disrupt the proceedings. *See Tafas v. Dudas*, 511 F. Supp. 2d 652, 660 (E.D. Va. 2007) (finding *amicus* briefs timely where "the parties seeking to be heard as *amici curiae* filed their motions before the first hearing").

5. Undersigned counsel has conferred with counsel for both parties. Defendant consents to the filing of this motion and the proposed *amicus* brief. Plaintiff opposes the filing of this motion and the proposed *amicus* brief.

6. For the foregoing reasons, NAFCU respectfully request that this Court grant leave to permit the filing of its *amicus* brief appended as Attachment 1 to its Motion.

Dated: December 21, 2017      Respectfully submitted,

                                           /s/
                                  Edward Lee Isler
                                  Va. Bar No. 27985
                                  ISLER DARE, P.C.
                                  1945 Old Gallows Road, Suite 650

Vienna, Virginia 22182
(703) 748-2690/(703) 748-2695 (fax)
eisler@islerdare.com

Of Counsel
Carrie R. Hunt
Pamela Yu
NATIONAL ASSOCIATION OF
FEDERALLY-INSURED CREDIT UNIONS
3138 10th Street North
Arlington, VA  22201-2149
(703) 842-2234
chunt@nafcu.org

*Counsel for Amicus Curiae National Association of Federally-Insured Credit Unions*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December 2017, I served a true and accurate copy of the foregoing by filing it electronically with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Thomas E. Strelka, Esq.
>L. Leigh R. Strelka, Esq.
>STRELKA LAW OFFICE, PC
>119 Norfolk Avenue, SW,
>Warehouse Row, Suite 330
>Roanoke, Virginia 24011
>thomas@strelkalaw.com
>leigh@strelkalaw.com
>
>Scott J. Ferrell, Esq.
>Victoria Knowles, Esq.
>PACIFIC TRIAL ATTORNEYS
>4100 Newport Place, Suite 800
>Newport Beach, CA 92660
>sferrell@pacifictrialattorneys.com
>vknowles@pacifictrialattorneys.com
>
>*Counsel for Plaintiff*

and

>John M. Bredehoft, Esq.
>Randy C. Sparks, Jr., Esq.
>KAUFMAN & CANOLES, P.C.
>150 West Main Street, Suite 2100
>Norfolk, Virginia 23510
>E-mail: jmbredehoft@kaufcan.com
>E-mail: rcsparks@kaufcan.com
>
>*Counsel for Defendant*

>           /s/
>Edward Lee Isler, Va. Bar No. 27985
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690/(703) 748-2695 (fax)
>eisler@islerdare.com
>*Counsel for Amicus Curiae National Association of Federally-Insured Credit Unions*